# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHY J. ELLIOTT, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|     vs. | ) Cause No. 1:16-cv-309-WTL-DML |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
|   Defendant. | ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Kathy Elliott requests judicial review of the final decision of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("Commissioner"), denying her application for supplemental security income ("SSI"). The Court rules as follows.

## I. PROCEDURAL HISTORY

Elliott protectively filed her application for SSI in January 2013, alleging onset of disability on December 31, 2004. The Social Security Administration initially denied Elliott's application on April 1, 2013. After Elliott timely requested reconsideration, the Social Security Administration again denied her claim on May 20, 2013. Thereafter, Elliott requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing on July 1, 2014, at which Elliott, two medical experts, and a vocational expert testified. At the hearing, Elliott amended her alleged onset date to January 31, 2013. The ALJ issued his decision denying Elliott's SSI

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill automatically became the Defendant in this case when she succeeded Carolyn Colvin as the Acting Commissioner of Social Security on January 23, 2017.

application on October 30, 2014. After the Appeals Council denied Elliott's request for review, she filed this action seeking judicial review.

## II. APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), she is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 416.920(a)(4)(iii). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law

occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id*., and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony presented," he must "provide an accurate and logical bridge between the evidence and [his] conclusion that a claimant is not disabled." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). "If a decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, a remand is required." *Id.* (citation omitted).

### III. THE ALJ'S DECISION

The ALJ found at step one that Elliott had not engaged in substantial gainful activity since January 31, 2013, the alleged disability onset date. At step two, the ALJ determined that Elliott had the following severe impairments: cerebral trauma, multiple types; central nervous system vascular accident; carotid artery occlusion; diabete mellitus II with associated peripheral neuropathy; sleep apnea; obesity; amnestic disorder; and depressive disorder, not otherwise specified. The ALJ found at step three that these impairments did not, individually or in combination, meet or equal the severity of one of the listed impairments. The ALJ's residual functional capacity ("RFC") determination was as follows:

> [T]he claimant retains the residual functional capacity to lift up to 10 pounds occasionally. The claimant can sit for about six hours in an eight-hour work day, and stand or walk each, in combination, for about two hours in an eight-hour work day, all with normal breaks. The claimant can occasionally balance and stoop. She can never kneel, crouch, crawl, climb ramps or stairs, or climb ladders, ropes, or scaffolds. She can never operate foot controls. She can frequently reach (including overhead reaching) handle (i.e., gross manipulation) finder (i.e., find manipulation), and feel. The claimant can never work at unprotected heights or use moving machinery. She can never operate a commercial vehicle. The claimant further is able to do no more than simple, routine tasks.

R. at 38-39. The ALJ concluded at step four that Elliott had no past relevant work. At step five, the ALJ found that, considering her age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that she could perform, including lens inserter, document preparer, and touch-up circuit board assembler. Accordingly, the ALJ concluded that Elliott was not disabled.

## IV. **DISCUSSION**

The relevant facts of record are set forth in the ALJ's decision and the Commissioner's brief and need not be repeated here.

The ALJ stated in his decision that Elliott's "combined cognitive deficits from her amnestic disorder and depression would permit her to understand, remember, and follow no more than simple instructions." R. at 38. Elliott argues that the ALJ erred because he failed to include this restriction in his RFC assessment and in his hypothetical questions to the vocational expert. The Court agrees. While the RFC and relevant hypothetical question referred to "simple, routine, repetitive tasks," the Court cannot say as a matter of law that that restriction addresses the need for her supervisors to ensure that they give her only simple *instructions*. Therefore the Commissioner has not carried its burden at Step 5 to demonstrate that there are jobs that Elliott can perform in light of the restrictions expressly found by the ALJ.

Elliott also argues that "[s]ubstantial evidence does not support the ALJ's residual functional capacity assessment or corresponding hypothetical question to the vocational expert upon which the ALJ relied for her Step-5 decision because the ALJ did not comply with *O'Connor-Spinner v. Astrue*, 627 F.3d 614 (7th Cir. 2010) . . . and its progeny." Dkt. No. 16 at 6. The Court disagrees. Elliott is referring to the fact that if an ALJ finds that a claimant has limitations of concentration, persistence, or pace, those limitations must be accounted for in his RFC determination and any relevant hypothetical questions to the vocational expert. *Stewart v.*

4

*Astrue,* 561 F.3d 679, 684 (7th Cir. 2009) (hypothetical question "must account for documented limitations of 'concentration, persistence, or pace'") (collecting cases) (*cited in Yurt v. Colvin*, 758 F.3d 850, 858–59 (7th Cir. 2014)). In this case, however, the ALJ made the following finding;

> While the undersigned notes a "moderate" limitation in the Paragraph B criteria above for concentration, persistence, or pace, this is based upon the record as a whole, and all the situations the claimant might encounter. However, when limited to simple and repetitive tasks, her ability to function is higher. Within these parameters, she is able to sustain the attention, concentration and persistence needed to perform in an ordinary work setting on a regular and continuing basis.

R. at 38. In light of this finding, which Elliott does not dispute (or even recognize), the Court finds that the ALJ avoided the *O'Connor-Spinner* error.

## V. **CONCLUSION**

For the reasons set forth above, the decision of the Commissioner is **REVERSED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with the Court's Entry.

SO ORDERED: 8/23/17

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication